NOONAN, Circuit Judge,
dissenting:
Fred Lawrence Cox, an officer of the Coweta County Sheriffs Department in Coweta County, Georgia, drew his police cruiser parallel to a suspected thief driving a pickup on 1-85, waited between thirty and forty-five seconds and then, having rolled down his window, discharged three rounds into the front seat of the pickup, wounding Jerry Charles Vaughan and paralyzing him for life.
*1038 The majority is of the opinion that Deputy Cox violated Vaughan’s right under the Fourth Amendment to be free of unreasonable seizure by an agent of the state. The majority is also of the opinion that Cox had time to warn the occupants of the pickup that he would shoot if they didn’t stop. But the majority holds as a matter of law that Cox would not have reasonably known that his shots were in violation of human rights secured by our Bill of Rights and made binding on the states by the Fourteenth Amendment.
Cox as a reasonable police officer is presumed to be familiar with Tennessee v. Garner, 471 U.S. 1 (1985). He, therefore, knew:
1. That it is an unconstitutional use of force to shoot a residential burglar without warning, even if it is at night and the thief has a good chance of escaping. Id. at 4.
2. That such police behavior violates the Fourth Amendment even though a state statute authorizes the behavior. Id. at 5.
3. That such police behavior is unreasonable even though the police officer has to make a “difficult,” even “split second” evaluation of “unknowable facts.” Id. at 20.
Deputy Cox had particular reason to be acquainted with the appropriate standard because only four months before he shot Vaughan he had conducted a high speed chase of a pickup truck driven by a suspected burglar and then discharged his firearm into the pickup, wounding its passenger. It can scarcely have escaped the notice of his superiors or his own conscience that there were constitutional standards that govern the use of deadly force to seize a thief.
The majority says the Supreme Court has not established the circumstances under which a police officer will find it feasible to give a warning before he shoots. Au contrame, Tennessee v. Garner has very clearly established that it is feasible to give a warning if the officer has time before he shoots, has no reason to believe that the suspect will shoot or otherwise injure him, and the reason for seizing the suspect by shooting is simply to prevent his escape.
Tennessee v. Garner, supra, was applied by the Second Circuit to a Waterbury, Connecticut policeman shooting an escaped felon without warning. Davis v. Little, 851 F.2d 605, 608 (2d Cir.1988). Garner was not only applied but applied retroactively; the police shooting had occurred in 1981. Id. at 609. If a policeman in Connecticut in 1981 should have known what the constitution required, should not a policeman in Georgia in 1998?
Garner was a guide to the constitutionality of St. Paul, Minnesota police shooting a mentally disturbed man armed with a knife and engaged in bizarre behavior. Ludwig v. Anderson, 54 F.3d 465, 471 (8th Cir.1995). The court noted the Supreme Court’s words that a seizure by deadly force was “unmatched” in its intrusiveness on the human person and “frustrates the interest of the individual, and of society, in judicial determination of guilt and punishment.” Id. at 471 (quoting Garner, 471 U.S. at 9). The policeman is not to be both judge and executioner. The court noted the Supreme Court’s teaching, “It is not better that all felony suspects die than that they escape.” Id. (quoting Garner, 471 U.S. at 11). Law enforcement is not the supreme value. If these messages should have guided the police in Minnesota in a situation factually different from the apprehension of a thief at night, should they not have been equally clear to Deputy Cox?
To be sure, Cox’s case is not on all fours with that of Memphis Police Officer Elton *1039 Hymon of Tennessee v. Garner. Few cases are on all fours with each other. Constitutional rights would be at the mercy of uncontrolled police if close factual similarity were required. The test, however, is not whether “the very action in question has previously been held unlawful,” but whether, “in the light of .preexisting law the unlawfulness [is] apparent.” Anderson v. Creighton, 483 U.S. 635, 640 (1987). If it was unlawful in 1985 for a Memphis policeman to shoot without warning a suspected burglar fleeing at night, it was known to any reasonable Coweta County, Georgia sheriffs deputy in 1998 that it was contrary to the constitution of the United States to shoot three times in broad daylight into a vehicle carrying two human beings, who were probably thieves in flight but who certainly had lives more valuable than the property the policeman was so dangerously and so stupidly and so unconstitutionally seeking to protect.